# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 20, 2004

## STATE OF TENNESSEE v. JAMIE MICHELLE CRAWFORD

**Direct Appeal from the Criminal Court for Sullivan County**
**Nos. S42,550, S42-476-480     R. Jerry Beck, Judge**

---

**No. E2003-02192-CCA-R3-CD**
**June 1, 2004**

---

Following a revocation hearing, the trial court revoked the probation of Defendant, Jamie Michelle Crawford, and ordered her to serve the remainder of her sentence in confinement. Defendant does not appeal the revocation of her probation but argues that the trial court erred in not imposing a sentence of split confinement. After a thorough review of the record in this matter, we affirm the judgment of the trial court revoking probation and ordering Defendant to serve her sentence in confinement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JOE G. RILEY, JJ., joined.

Steve McEwen, Mountain City, Tennessee, (on appeal); and Stephen M. Wallace, District Public Defender; and Joseph F. Harrison, Assistant Public Defender, Blountville, Tennessee, (at trial), for the appellant, Jamie Michelle Crawford.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 28, 1999, Defendant was indicted for three counts of fraudulent use of a credit card, a Class E felony; three counts of forgery, a Class E felony; and two counts of criminal trespass, a Class C misdemeanor. On May 12, 1999, Defendant was indicted for two counts of theft of property under $500, a Class A misdemeanor; one count of criminal impersonation, a Class B misdemeanor; and one count of criminal trespass, a Class C misdemeanor. Defendant entered a plea of guilty to all charges on January 13, 2000. She received an effective sentence of two years for the felony convictions, and an effective sentence of thirty-five months and twenty-seven days for the

misdemeanor convictions.  The trial court ordered Defendant to serve her effective sentence for the misdemeanor convictions consecutive to her effective sentence for the felony convictions.

Defendant completed her felony sentence on June 13, 2002, and began serving her misdemeanor sentence.  The trial court subsequently released Defendant to a residential drug and alcohol treatment program, and, after her successful completion of the program, Defendant was placed on probation on November 14, 2002.  As conditions to her probation, Defendant agreed to attend the Day Reporting Center, perform community service work, avoid the use of narcotics and report to her probation officer.

A warrant for violation of probation was issued on June 2, 2003, alleging that Defendant had failed to (1) report to her probation office, (2) adhere to her curfew, (3) perform her community service work as directed, and (4) report to the Day Reporting Center as instructed.  A second probation violation warrant was issued on June 27, 2003, alleging that Defendant had failed to report her traffic citations, arrests or charges to her probation officer as required.  At the probation revocation hearing, Defendant admitted that she had violated her probation.  Defendant testified that she did not report to her probation officer because she was afraid she would be arrested if she did so.  Defendant said that her husband had furnished her probation officer with incorrect information concerning Defendant's activities because he wanted her to go to jail with him.  At the conclusion of the hearing, the trial court revoked Defendant's probation and ordered Defendant to serve the remainder of her sentence in the Sullivan County Jail.

Defendant submits that the trial court erred in sentencing her to confinement and argues that a sentence of split-confinement would be more appropriate.  Defendant points out that she has successfully completed probation before while serving her felony sentence.  Defendant admits that she tested positive for the use of narcotics during her probation but argues that she successfully completed a residential drug and alcohol treatment program in the past.  Considering that Defendant is a non-violent offender and that the Sullivan County Jail is ill-equipped to house an offender for almost three years, Defendant argues that the trial court erred in ordering her to serve the remainder of her sentence in confinement rather than a period of confinement followed by intensive probation.

The decision to revoke probation rests within the sound discretion of the trial court.  *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation.  Tenn. Code Ann. §§ 40-35-310, 311.  The trial court retains the discretionary authority to order the defendant to serve his or her original sentence in confinement.  *See State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999).

Defendant admitted that she violated the terms of her probation, which included the use of narcotics.  The trial court was within its discretion to revoke Defendant's probation and had the statutory authority to order Defendant to serve her entire misdemeanor sentences in confinement.  Based upon our review of the record, we find no abuse of discretion.

## CONCLUSION

Based on our review, we affirm the judgment of the trial court revoking probation and ordering Defendant to serve her sentence in confinement.

_____

THOMAS T. WOODALL, JUDGE